UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
WILLIAM ORTIZ,

             Petitioner,

        -against-

UNITED STATES of America,

             Respondent.
------------------------------------------------------- x

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 8, 2013

89 Cr. 810 (PAC)

**MEMORANDUM OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner William Ortiz ("Ortiz") moves before this Court for a writ of *audita querela,* pursuant to the All Writs Act, 28 U.S.C. § 1651, challenging his June 22, 1990 conviction and sentence in the District Court for the Southern District of New York, for conspiracy to possess heroin with intent to distribute. (See ECF No. 93.) Ortiz has also filed a supplementary motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (See ECF No. 96.)[1] For the following reasons, Petitioner's motions are DENIED.[2]

## BACKGROUND[3]

On June 20, 1990, Ortiz was convicted of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. Judge Nicholas Tsoucalas of the Court of International Trade, sitting by designation in the United States District Court of the Southern

---

[1] On April 13, 2011, Ortiz withdrew a previously filed motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). (See ECF No. 101.)

[2] Because Ortiz is proceeding *pro se*, the Court reads his supporting papers liberally and construes his filings to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

[3] The Court assumes familiarity with the facts of this case. Only the facts relevant to the pending motions are addressed herein. For further detail on Ortiz's conviction, appeals, and collateral challenges, see Ortiz v. New York, 75 F. App'x 14 (2d Cir. Sept. 4, 2003) (summary order); Ortiz v. United States, Nos. 89 Cr. 810 , 92 Civ. 2491 (NT) (SS), 1996 WL 82349 (S.D.N.Y. Feb. 27, 1996).

District of New York, sentenced Ortiz to fifty years imprisonment, followed by a ten-year term of supervised release, and a $50 special assessment. Ortiz's direct appeal was denied on June 18, 1991. See Ortiz v. United States, Nos. 89 Cr. 810, 92 Civ. 2491 (NT) (SS), 1996 WL 82349, at **1–2 (S.D.N.Y. Feb. 27, 1996).

Since this time, in his own words, "Ortiz has continuously appealed his detention." (ECF No. 93 at 5.) Ortiz has filed several petitions pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2255, several motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and at least one other petition for a writ pursuant to 28 U.S.C. § 1651, premised on various legal theories. See, e.g., Ortiz v. United States, 75 F. App'x 14 (2d Cir. 2003) (summary order); Ortiz, 1996 WL 82349; Ortiz v. United States, 92 Civ. 2491 (SS), 1995 WL 130516 (S.D.N.Y. Mar. 24, 1995). On December 20, 2010, Ortiz's instant petition for relief pursuant to the All Writs Act was docketed. On December 28, 2011, Ortiz's supplemental motion for relief pursuant to Federal Rule of Civil Procedure 60(b) was docketed.

## DISCUSSION

### I.   *AUDITA QUERELA* RELIEF

Ortiz invokes the writ under 28 U.S.C. § 1651(a), which states federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Ortiz argues the trial court erred in its instructions to the jury and should have required the jury to determine the drug weight involved in the underlying criminal conspiracy for which he was convicted. The argument is based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), which were decided long after Ortiz's conviction became final, and which are not retroactive to cases on collateral review.[4]

---

[4] Ortiz contends his argument is that the trial court improperly denied his request for a special verdict or determination by the jury on the weight of the controlled substance at issue. Prior to Appendi,

2

The writ of *audita querela* "remain[s] available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). It "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Id. (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991)). A writ of *audita querela* is available "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam); see also United States v. Collins, 373 F. App'x 94 (2d Cir. 2010) (summary order) (denying writ of *audita querela* because petitioner had other avenues of review and failure to undertake collateral review raised no constitutional questions about the validity of the post-conviction structure).

A writ of *audita querela* is unavailable to Ortiz. Even if the Court were to construe Ortiz's arguments to have been unavailable to him in his previous requests for post-conviction collateral review,[5] denying collateral review still does not raise any serious constitutional questions about the post-conviction structure because the legal basis upon which Ortiz seeks relief is incorrect. Ortiz argues that precedent extending from Apprendi requires the jury to find the drug weight during his trial, but Apprendi and its progeny do not apply retroactively on

---

however, the fact that the jury did not determine the weight of the controlled substance at issue could not form the basis of an objection to a sentence. See Coleman v. United States, 329 F.3d 77, 82 (2d Cir. 2003) ("Prior to Apprendi, every federal circuit to consider the question had held that in Section 841 prosecutions . . . the quantity of drugs was a 'sentencing factor,' which prosecutors were not required to charge in the indictment, submit to the jury, or prove beyond a reasonable doubt." (citations omitted)).

[5] See United States v. Simmons, No. 05 Cr. 1049 (JGK), 2010 WL 4922192, at *3 (S.D.N.Y. Dec. 1, 2010) (finding that petitioner could not raise sentencing issue pursuant to a writ of *audita querela* when he could have raised the same argument in a Section 2255 petition); Blumenberg v. United States, Nos. 01 Cr. 571, 05 Civ. 9416 (JGK), 2009 WL 3459185, at *2 (S.D.N.Y. Oct. 27, 2009) (same); see also Rivera v. United States, Nos. 98 Civ. 5377, 98 Civ. 6397 (PKL), 1999 WL 587792, at *4 (S.D.N.Y. Aug. 5, 1999) (holding that knowing and voluntary waiver of post-conviction remedy pursuant to Section 2255 prevented resort to writ of *audita querela*).

3

collateral review. See Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003). Because Ortiz raised this argument—that the jury was required to determine drug weight—for the first time on collateral review, Ortiz's claim must be denied. See Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003); United States v. Moses, No. 90 Cr. 863 (RPP), 2009 WL 222797, at *2 (S.D.N.Y. Jan. 26, 2009).

## II. RELIEF PURSUANT TO RULE 60(b)

Ortiz also moved to expand the scope of his petition for a writ of *audita querela* or for relief pursuant to Rule 60(b) based on the argument that the identity of the controlled substance of which he was convicted of a conspiracy to distribute should have been determined by the jury. (ECF No. 96 at 3.) This is a variation of Ortiz's original Apprendi argument, and is denied for the reasons discussed above.

To the extent Ortiz seeks independent relief pursuant to Rule 60(b), such a request is denied. "While Rule 60(b) can provide relief from a previous habeas ruling, it is only available to attack the integrity of the habeas proceeding itself; Rule 60(b) cannot be used to challenge the underlying criminal conviction." Garcia v. United States, Nos. S2 90 Cr. 809, 97 Civ. 2962 (PKL), 2009 WL 484435, at *3 (S.D.N.Y. Feb. 24, 2009) (citing Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001)). In his filings, Ortiz does not attack the integrity of any of his previous habeas proceedings, but rather attacks his sentence as determined by the trial court because the type of controlled substance Ortiz conspired to distribute was not determined by the jury. See Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); Garcia, 2009 WL 484435, at *3.

When faced with "a Rule 60(b) motion that *attacks the underlying conviction,*" a district court may (i) treat the Rule 60(b) motion as "a second or successive" habeas petition and transfer it to the court of appeals for possible certification, or (ii) "the court may simply deny the portion

4

of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82 (quotations omitted); see Garcia, 2009 WL 484435, at *3 ("[A] district court 'always' has the option of simply denying the motion as outside the scope of Rule 60(b)." (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002))). Accordingly, the Court denies Ortiz's requested relief as beyond the scope of Rule 60(b).

## CONCLUSION

For the foregoing reasons, Petitioner's motions for relief under 28 U.S.C. § 1651 and Rule 60(b)(6) are DENIED. The Clerk of Court is directed to terminate docket entries 93 and 96, and to close any other pending motions open in this docket.

Dated: New York, New York
February 8, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

William Ortiz
#19003-054
F.C.I. Allenwood-Medium
P.O Box 2000
White Deer, PA 17887