UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILLIAM ORTIZ,

                *Defendant-Petitioner*,

    -against-

UNITED STATES OF AMERICA,

                *Respondent.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-16

89 Cr. 810 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On June 24, 2013, *pro se* Defendant-Petitioner William Ortiz moved (i) for relief based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); and (ii) to correct clerical errors in his criminal judgment, pursuant to Fed. R. Crim. P. 36.[1] The Court transfers the first motion to the Second Circuit for that Court's authorization, since it is a successive motion pursuant to 28 U.S.C. § 2255(h); and denies the second motion.

In 1982, Ortiz pleaded guilty to Criminal Sale of a Controlled Substance in the Fifth Degree in New York State Supreme Court, Bronx County. *See Ortiz v. New York*, 75 Fed. Appx. 14, 14-15 (2d Cir. 2003). He was sentenced to five years of probation. *Id.* at 15. In 1990, Ortiz was convicted in federal court, after a jury trial at which he testified, of conspiracy to possess with intent to distribute 2.1 kilograms of heroin, in violation of 21 U.S.C. § 846. *Id.* The pre-sentence report recommended a sentence of 360 months of incarceration, but based on the state court conviction, the district court sentenced Ortiz as a career criminal to 600 months of incarceration; Ortiz is currently serving that sentence. *Id.*

---

[1] The Ortiz file was misplaced in chambers, and was not located until January 2016.

Thereafter, Ortiz appealed his conviction, challenging the propriety of the Government's cross-examination, but the Second Circuit affirmed the conviction by summary order. *Id.* Ortiz has since filed numerous petitions in federal court collaterally challenging his state and federal convictions, including two § 2255 petitions.[2] *Id.* His first § 2255 petition was denied on the merits and affirmed on appeal. *Id.* The district court construed his second § 2255 petition as a second or successive petition and transferred it to the Second Circuit, which denied authorization. *Id.*

On June 17, 2013, the Supreme Court held in *Alleyne v. United States* that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. 2151, 2163 (2013). Ortiz immediately moved for relief, contending that the sentencing court committed *Alleyne* error when it found sentencing enhancements that increased the mandatory minimum sentence to which Ortiz was subjected. Since Ortiz seeks to collaterally attack his conviction based on intervening precedent, the Court construes the motion as a § 2255 petition. *See United*

---

[2] Ortiz first petitioned to vacate his federal conviction, pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel. *See Ortiz*, 75 Fed. Appx. at 15. On March 24, 1995, the district court denied the petition on the merits, and the Second Circuit affirmed. *Id.* On February 27, 1996, the sentencing court denied Ortiz's petition to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). *Id.*

Concurrently, Ortiz filed a petition challenging his state conviction, pursuant to 28 U.S.C. § 2254. *Id.* The district court denied the petition without prejudice due to Ortiz's failure to exhaust state court remedies. *Id.* Between February and November 1998, Ortiz filed three motions in New York state court to vacate his state court judgment, pursuant to N.Y.C.P.L. § 440.10, all of which were denied. *Id.*

In January 2000, Ortiz filed a second § 2255 motion challenging the use of an allegedly tainted state conviction to enhance his federal sentence. *Id.* The district court construed the motion as a second or successive § 2255 petition and transferred it to the Second Circuit, which denied authorization. *Id.* In July 2000, Ortiz petitioned the district court for a writ of error *coram nobis*, arguing that his state conviction violated due process rights; and in December 2000, Ortiz filed a § 2254 petition making substantially the same argument. *Id.* The district court denied the § 2254 petition in January 2002, and denied the *coram nobis* petition in May 2002. *Id.* at 16. The Second Circuit affirmed both decisions. *Id.* at 17-18.

In December 2010, Ortiz moved before this Court for relief pursuant to the All Writs Act, 28 U.S.C. § 1651. *See Ortiz v. United States*, No. 89 cr 810 (PAC), 2013 WL 541388 (S.D.N.Y. Feb. 8, 2013). He later supplemented his motion to also seek relief pursuant to Fed. R. Civ. P. 60(b)(6). *Id.* The Court denied both motions. *Id.* at *3.

2

*States v. Redd*, 735 F.3d 90 (2d Cir. 2013). And since Ortiz has brought a prior § 2255 petition attacking his conviction that was adjudicated on the merits, this is a second or successive petition. *Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998). Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, a petitioner bringing a second or successive petition must obtain authorization from the appropriate Court of Appeals. 28 U.S.C. § 2255(h). "[W]hen a petitioner ignores the 1996 amendment by filing a second or successive § 2255 petition without first obtaining [the Second Circuit's] authorization, the district court should transfer the petition or motion to this Court in the interest of justice" pursuant to 28 U.S.C. § 1631. *Corrao*, 152 F.3d at 190 (internal quotation marks omitted); *see also Fuller v. United States*, No. 15-3006, 2016 WL 861363 (2d Cir. Mar. 5, 2016). As such, the Court transfers the petition to the Second Circuit pursuant to 28 U.S.C. § 1631.[3]

Next, Ortiz seeks an order "correct[ing] a clerical error in a judgment," pursuant to Fed. R. Crim. P. 36, which permits the Court to correct errors "of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Marmolejos v. United States*, 789 F.3d 66, 71 (2d Cir. 2015). "[A] clerical error must not be one of judgment or even of misidentification." *Id.*

Ortiz asks the Court to amend the judgment of his federal conviction (i) to replace the reference to "21 USC 846(1)" with "21 USC 846"; and (ii) to replace the description "CONSPIRACY TO POSSESS W/I TO DISTRIBUTE HEROIN" with "CONSPIRACY TO POSSESS W/I TO DISTRIBUTE ONE KILOGRAM OR MORE OF HEROIN". As to the first request, 21 U.S.C. § 846 does not have a subsection; but correction here is simply unnecessary

---

[3] The Court observes that Ortiz seeks relief premised on the retroactive application of *Alleyne*. "The Second Circuit has held that *Alleyne* does not apply retroactively for purposes of § 2255(h)(2), under which a defendant's second or successive habeas motion is timely if filed within one year of a Supreme Court decision that the Supreme Court has made retroactive on collateral review." *Gil v. United States*, No. 14 cv 1336 (KMW), 2015 WL 4617235, at *3 n.3 (S.D.N.Y. Aug. 3, 2015) (citing *Redd*, 735 F.3d at 92). But that issue is for the Second Circuit to rule on in the first instance.

since the many courts that have ruled on Ortiz's appeals have had no trouble understanding that Ortiz was convicted of violating 21 U.S.C. § 846 (and not a phantom subsection 1). *See generally Ortiz*, 75 Fed. Appx. at 14-15. As to the second request, there is no error. The judgment correctly states that Ortiz was convicted of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). To the extent Ortiz seeks to challenge the permissibility of drug quantity findings made by the sentencing court, that is properly done in the § 2255 petition being transferred to the Second Circuit, not in a Rule 36 motion. *See United States v. Musa*, 447 Fed. Appx. 284, 285 (2d Cir. 2012). The Rule 36 motion is denied.

## CONCLUSION

Since Ortiz has filed a second or successive petition under 28 U.S.C. § 2255(h), the Clerk is directed to transfer his petition (Dkt. 114, 89 Cr. 810) to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631. The Rule 36 motion is DENIED. The Clerk is directed to terminate the motion at Dkt. 114.

Dated: New York, New York
       March 10, 2016

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:
William Ortiz
Register #: 19003-054
FCI Mendota
33500 West California Avenue
Mendota, CA 93640

4